UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUADALUPE CALDERON,<br><br>Petitioner,<br><br>v.<br><br>L. BIRD,<br><br>Respondents. | No.  2:21-cv-2381 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2003 conviction in the Sacramento County Superior Court.  Presently before the court is petitioner's motion to proceed in forma pauperis (ECF No. 2) and his petition (ECF No. 1) for screening.  For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and recommend that the petition be dismissed.

**IN FORMA PAUPERIS**

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

////

////

////

1

**SCREENING**

**I.     Screening Requirement**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**II.    The Petition**

Petitioner challenges his 2003 conviction in the Sacramento County Superior Court. (ECF No. 1 at 1.) He alleges that he is entitled to relief because his counsel was ineffective. (Id. at 6, 8-12.) Petitioner alleges that the prosecutor had a photograph showing petitioner's co-defendant wearing clothing used to place petitioner at the scene of the crime. (Id. at 6.) He further alleges his counsel failed to request DNA from the tennis shoes and jeans. (Id.) (Id. at 8-12.) Petitioner claims that certain evidence was not maintained in violation of a California law. (Id. at 5, 9-10.)

**III.   Analysis**

A second or successive application for habeas relief may not be filed in the district court without prior authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b); Felker v. Turpin, 518 U.S. 651, 656-57 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2254(b), it lacks jurisdiction to consider the merits). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008)).

Petitioner is presently "contesting the same custody imposed by the same judgment of a state court" that he challenged in Calderon v. Scribner, No. CIV S-07-0716 JCC (E.D. Cal.), which was denied on the merits. Before petitioner can proceed with the instant petition, he must move in, and obtain from, the Ninth Circuit Court of Appeals, an order authorizing the district

court to consider the merits of his successive petition.  See 28 U.S.C. § 2244(b)(3).  The Ninth Circuit has held that even if a petitioner could qualify for an exception to the bar on successive petitions, such as the actual innocence exception, he must still seek permission from the Ninth Circuit before filing a petition in the district court.  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).  Absent such authorization, the instant petition must be dismissed without prejudice.  28 U.S.C. § 2244(b)(1), (3)(A).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this case.

Further, IT IS HEREBY RECOMMENDED that the petition be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 10, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/cald2381.scrn fr

3