UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUADALUPE CALDERON, | No. 2:21-cv-2381 DAD DB P |
| Petitioner, | |
| v. | ORDER |
| L. BIRD, | |
| Respondents. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2003 conviction in the Sacramento County Superior Court. By order dated April 4, 2022, the petition was dismissed, judgment was entered, and this action was closed. (ECF Nos. 9, 10.)

    After judgment was entered, petitioner filed a notice stating that he filed an application for permission to file a second or successive habeas corpus petition. (ECF No. 11.) Thereafter, he filed a request for a response to the petition (ECF No. 12), a request to review his case (ECF No. 13), and a request to reopen his case (ECF No. 17).

    Petitioner's notice asked the court to review his case even though he had not yet obtained authorization to file a second or successive petition from the Ninth Circuit Court of Appeals. (ECF No. 11 at 2-3.) He further stated that he was not aware he needed such authorization before presenting his petition in this court. (Id. at 3.)

////

1

Petitioner states in his request for a response that he "submitted a second or successive petition to this court" and that the Ninth Circuit sent his petition to this court for review. (ECF No. 12.) Court records do not indicate any referral from the Ninth Circuit in this action.

Petitioner's request to review the case states that he got permission from the Ninth Circuit on March 28, 2022, and he sent a letter along with the permission to this court. (ECF No. 13 at 1.) An attachment to petitioner's August 18, 2022, request for status states that the Ninth Circuit received his application to file a second or successive petition on March 28, 2022. (ECF No. 14 at 6.) However, Ninth Circuit records[1] indicate that petitioner's application to file a second or successive petition was denied on May 19, 2022.

Finally, petitioner's request to reopen this case states that he was notified on August 24, 2022, that his case was closed. (ECF No. 17.) He argues that the fourteen-day objection period did not allow his sufficient time to apply for permission to file a second or successive petition. (Id.) Petitioner again states that he received permission from the Ninth Circuit to file a second or successive petition on March 28, 2022.

The undersigned will deny petitioner's requests because he has not shown that he has received authorization from the Ninth Circuit Court of Appeals. Absent an order from the appellate court, this court does not have jurisdiction to consider a second or successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007). Moreover, petitioner is required to obtain authorization before filing a petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner failed to receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced.").

////

---

[1] A court may take judicial notice of its own record and the record of other courts. See MCIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

Accordingly, the court declines to reopen this case. The court will not consider any further motions in this case unless petitioner can provide proof that he has obtained authorization from the Ninth Circuit to file a second or successive petition. Without such authorization this court does not have jurisdiction to consider the claims in the instant petition. 28 U.S.C. § 2244(b)(3)(A).

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's request for response (ECF No. 12) is denied;

2. Petitioner's request to review (ECF No. 13) is denied; and

3. Petitioner's request to reopen the case (ECF No. 17) is denied.

Dated: September 16, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/R/cald2381.req