UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GUADALUPE CALDERON,

Petitioner,

v.

L. BIRD,

Respondents.

No. 2:21-cv-2381 DAD DB P

ORDER

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2003 conviction in the Sacramento County Superior Court. By order dated April 4, 2022, the petition was dismissed, judgment was entered, and this action was closed. (ECF Nos. 9, 10.) Presently before the court is petitioner's motion related to his request to file a second or successive petition. (ECF No. 22.)

After judgment was entered, petitioner filed a notice stating that he filed an application for permission to file a second or successive habeas corpus petition. (ECF No. 11.) Thereafter, petitioner filed a request for a response to the petition (ECF No. 12), a request to review his case (ECF No. 13), and a request to reopen his case (ECF No. 17).

By order dated September 19, 2022, the undersigned issued an order declining to reopen this action because petitioner had not submitted proof that he had obtained authorization from the Ninth Circuit to file a second or successive petition. (ECF No. 18.) Since that date, petitioner has continued to file requests for status, including the instant motion. (ECF Nos. 19, 20, 21, 22.) In

1

his most recent filing (ECF No. 22), petitioner states that he sent this court authorization form the Ninth Circuit on September 23, 2022. The document petitioner cites as permission from the Ninth Circuit, is not authorization from the Ninth Circuit. Rather, it is a letter from the Ninth Circuit Clerk of Court advising petitioner that his application to file a second or successive petition has been received. (See ECF No. 22 at 5.)

As previously stated, absent an order from the appellate court, this court does not have jurisdiction to consider a second or successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007). Moreover, petitioner is required to obtain authorization before filing a petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner failed to receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced.").

Accordingly, this court will not entertain any further motions or requests from petitioner unless petitioner first presents an order from the Ninth Circuit granting him permission to file a second or successive petition. Petitioner is advised that any future requests filed in this action will be disregarded and no orders will issue in response to future filings.

For the reasons set forth above, IT IS HEREBY ORDERED that petitioner's motion regarding permission to file a second or successive petition (ECF No. 22) is denied.

Dated: March 7, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/R/cald2381.mtn